## Lee Paull *v.* Geraldine M. Coughlin

Appellate Session of the Superior Court

File No. 1422

Argued April 19—decided August 5, 1983

*Bruce L. Levin,* for the appellant (plaintiff).

*Carolyn Richter,* for the appellee (defendant).

Bieluch, J. The plaintiff instituted this action to recover damages in connection with her purchase of a 1974 Peugeot from the defendant.

In September, 1979, the defendant advertised her car for sale in a local newspaper, stating that it was in "excellent condition" and setting the sale price at $3500. In response to that advertisement, the plaintiff and her husband contacted the defendant, met with her and test drove the car. The plaintiff then offered to buy the car for $3500. Prior to completing the transaction on October 3, 1979, the plaintiff's husband also

spoke with the defendant's mechanic who had recently installed a new head gasket and had repaired the radiator in the car.

Those repairs were made to correct an overheating problem which the defendant experienced with her car on two occasions in August, 1979. After completing the repairs, the mechanic told the defendant to return the car after driving it 600 miles to check if further repairs were necessary. The defendant testified that the car ran well with no further trouble during the test period and that a check-up subsequently performed on October 1, 1979, revealed that no additional repairs were necessary.

About a month after the sale, the plaintiff had trouble with the car again overheating. She brought it to a Peugeot center where she was told that the car needed a new engine, which was ordered in December, 1979, and installed the following month.

The plaintiff thereafter brought this action, seeking damages resulting from her alleged reliance upon the defendant's misrepresentation that the Peugeot was in "excellent condition." After a trial to the court, judgment was rendered for the defendant. The plaintiff has appealed.

The plaintiff challenges the trial court's conclusion that there was no reliance upon the defendant's published representation of the condition of the car. Reliance is an essential element of an action for innocent misrepresentation. See *Johnson* v. *Healy,* 176 Conn. 97, 405 A.2d 54 (1978). "The question whether the plaintiff relied on the misrepresentations of the defendant is ordinarily a matter of fact, to be decided by the trial court." *Time Finance Corporation* v. *Clark,* 6 Conn. Cir. Ct. 200, 205–206, 269 A.2d 88 (1968).

The record furnishes sufficient evidence to support the trial court's conclusion. The defendant informed the plaintiff that she was bringing her car in for a scheduled check-up on October 1. The plaintiff's husband thereafter contacted the mechanic and discussed the car with him. The sale was then completed on October 3, 1979. At the trial, the plaintiff testified that the mechanic's report influenced her decision to buy the car. In view of the above, we conclude that the trial court's factual finding on the issue of reliance is not clearly erroneous. Practice Book § 3060D.

The plaintiff further claims the trial court erred in awarding the defendant attorney's fees of $350. General Statutes § 52-195 provides that when a plaintiff refuses an offer of judgment by the defendant and subsequently does not recover more than the amount offered, he shall pay the defendant's costs which may include reasonable attorney's fees in an amount not to exceed $350. See Practice Book § 344. The gravamen of the plaintiff's claim is that, given the facts of this case, the award of attorney's fees pursuant to that section constituted an abuse of discretion.

The purpose of the statute is to provide an incentive for litigants to bargain reasonably and to settle civil cases through an award of attorney's fees to the "offeror" party if the opposing party rejects a reasonable offer of judgment. *Verrastro* v. *Sivertsen,* 188 Conn. 213, 223–24, 448 A.2d 1344 (1982). The issue here is whether the defendant's offer of $25 was reasonable. We find that this offer of judgment bore no relation to the merits of the case as they appeared at the time of the offer. The plaintiff had paid $3500 for a 1974 Peugeot which the defendant had advertised as being in "excellent condition." Shortly after the sale, the car exhibited a mechanical problem of the same nature as that which had occurred shortly before the sale. Repair of the problem ultimately necessitated

replacing the engine at considerable cost to the plaintiff. Under these circumstances, an offer of judgment for $25 was unreasonable.

There is error, the judgment is set aside and the case is remanded with direction to render judgment as on file except that the award of attorney's fees shall be denied.

In this opinion COVELLO and CIOFFI, Js., concurred.