952 P.2d 374

Cyndi D. COLLINS, Plaintiff–Appellant,

v.

SOUTH SEAS JEEP EAGLE, a Hawai'i corporation; Tony Gregory, individually, Defendants–Appellees,

and

Rick Dorman, individually, John Does 1–10; Doe Partnerships 1–10; Doe Corporations 1–10, Defendants.

No. 19764.

Supreme Court of Hawai'i.

Dec. 29, 1997.

David F. Simons and Matthew J. Viola of Simons & Ichinose, on the briefs, Honolulu, for plaintiff-appellant.

Michael L. Freed and John C. Sullivan of Freed & Webb, on the briefs, for defendants-appellees.

Before MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA and RAMIL, JJ.

NAKAYAMA, Justice.

Plaintiff-appellant Cyndi Collins appeals from a post-judgment order denying her application for an award of attorneys' fees pursuant to Hawai'i Revised Statutes (HRS) § 378–5(c) (1993). Because the offer of judgment did not expressly include allowable attorneys' fees, we hold that Collins was entitled to attorneys' fees in addition to the judgment. We vacate the order of the circuit court and remand for a determination of allowable attorneys' fees.

## I. BACKGROUND

On February 3, 1994, Collins filed her first amended complaint against Defendants-appellees South Seas Jeep Eagle and Tony Gregory (South Seas).[1] Collins's complaint alleged sexual harassment and discrimination claims arising under HRS Chapter 378.

On May 16, 1995, South Seas tendered an offer of judgment pursuant to Hawai'i Rules of Civil Procedure (HRCP) Rule 68. This offer of judgment was in the amount of $25,-000 "inclusive of allowable costs and attorneys' fees." Collins did not accept this offer of judgment. On July 14, 1995, Collins sent South Seas a letter with a demand for settlement in the amount of $95,000. In this letter, Collins communicated to South Seas her position that, if her suit were successful, she would be entitled to attorneys' fees and costs pursuant to HRS § 378–5(c). Collins asserted that her attorneys' fees, as of the date of the letter, were $37,500.

On July 18, 1995, a settlement conference was held. No agreement was reached on that date. On July 24, 1995, South Seas submitted a new offer of judgment. This offer stated "Defendants ... hereby offer to allow judgment to be entered in favor of Plaintiff ... in the total sum of $40,000 including accrued allowable costs." Collins accepted this offer of judgment on July 26, 1995.

On July 28, 1995, Collins filed an application for an award of attorneys' fees under HRS § 378–5(c). Collins argued that she was entitled to an award of attorneys' fees in addition to any judgment.[2] Collins asserted that the language of the offer of judgment "including accrued allowable costs" did not include attorneys' fees. A hearing was held on Collins's application for attorneys' fees on August 11, 1995. The circuit court denied Collins's application. Collins subsequently filed a motion for reconsideration, which was also denied by the circuit court. The circuit court did not enter findings of fact or conclusions of law in connection with the denial of the initial motion or the motion for reconsideration.

Collins timely appealed the circuit court's denial of her application for attorneys' fees. On appeal, Collins argues that she is entitled to an award of attorneys' fees pursuant to HRS § 378–5(c) and that the accepted offer of judgment did not constitute a waiver of this entitlement. South Seas argues that Collins's claim is barred by her acceptance of the settlement check in full satisfaction of judgment and that Collins's claim for attorneys' fees is barred by HRCP Rule 68.

## II. DISCUSSION

The trial court's denial of attorneys' fees is reviewed under the abuse of discretion standard. *Weinberg v. Mauch*, 78 Hawai'i 40, 52–53, 890 P.2d 277, 289–90, *recon-*

---

1. The complaint also named Rick Dorman as a defendant. However, on August 10, 1994, the complaint was dismissed with respect to Dorman pursuant to Rule 28 of the Rules of the Circuit Courts of the State of Hawai'i. Consequently, Dorman is not involved in the attorneys' fees issue presented in the instant appeal.

2. The judgment and notice of entry of judgment in favor of Collins was entered on September 7, 1995.

*sideration denied*, 78 Hawai'i 421, 895 P.2d 172 (1995). HRCP Rule 68 is identical to Federal Rules of Civil Procedure (FRCP) Rule 68.[3] Where a Hawai'i rule of civil procedure is identical to the federal rule, "the interpretation of this rule by federal courts is highly persuasive." *Shaw v. North American Title Co.*, 76 Hawai'i 323, 326, 876 P.2d 1291, 1294 (1994) (citations omitted). However, as the supreme judicial tribunal for the State of Hawai'i, we have the authority to adopt an interpretation of the HRCP that differs from the federal courts' interpretation of the FRCP. Where sound policy reasons exist for adopting a differing interpretation, we will do so.

### A. The word "costs" in an offer of judgment does not include attorneys' fees unless the parties mutually agree to this meaning.

#### 1. HRCP Rule 68, generally

 The text of HRCP Rule 68 states that:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service and thereupon the clerk shall enter judgment.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

"Rule 68 was intended to encourage settlements and avoid protracted litigation." 12 Wright, Miller and Marcus, Federal Practice and Procedure: Civil 2d § 3001 (2d ed.1997). Offers of judgment pursuant to Rule 68 are distinct from other settlement offers. "To qualify as a Rule 68 offer, the offer must be such that a judgment in the words of the offer will fully and completely decide the claim or claims toward which the offer is directed. It also must comply with Rule 68's express requirements." *Crown Properties v. Financial Sec. Life Ins.*, 6 Haw.App. 105, 112, 712 P.2d 504, 510 (1985). One of the express requirements of Rule 68 is that the offer must provide for payment by the defending party of "costs then accrued."

If the offer is rejected, and the offeree ultimately obtains a judgment that is less favorable than the offer, the offeree must pay the offeror's post-offer costs, and the offeree is precluded from obtaining his or her post-offer costs. This "imposes a special burden on the plaintiff to whom a formal settlement offer is made. If a plaintiff rejects a Rule 68 settlement offer, he [or she] will lose some of the benefits of victory if his [or her] recovery is less than the offer." *Delta Air Lines v. August*, 450 U.S. 346, 352, 101 S.Ct. 1146, 1150, 67 L.Ed.2d 287 (1981). Because of this provision, the inclusion or exclusion of attorneys' fees within the definition of "costs" will make a significant difference in a plaintiff's consideration of whether to accept or reject an offer of judgment. Therefore, when considering an offer of judgment, it is important that the plaintiff be aware of the effect of an acceptance or rejection on his or her entitlement to attorneys' fees, where applicable.

#### 2. Marek v. Chesny

The leading United States Supreme Court case on the inclusion of attorneys' fees within "costs" for Rule 68 purposes is *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985). In *Marek v. Chesny*, the respondent brought a suit pursuant to 42 U.S.C. § 1983 for the killing of his adult son by three police officers. Prior to trial, the petitioners made a timely offer of judgment pursuant to FRCP Rule 68. The respondent did not accept this offer of judgment, and the case went to trial. Judgment was entered in favor of the respondent in an amount less than the Rule 68 offer. Following the judgment, the respondent filed a request for costs

---

3. The only difference between the two rules is that Hawaii's rule uses the pronouns "him" and

"his" to refer to the offeror, and the federal rule uses "the defending party."

and attorneys' fees.[4] The district court denied the respondent's post-offer costs and attorneys' fees.[5] The district court determined that FRCP Rule 68 mandated that plaintiffs who reject an offer of judgment and subsequently obtain a less favorable judgment are not entitled to their post-offer costs. The district court included attorneys' fees with costs.

On appeal, the United States Court of Appeals for the Seventh Circuit reversed. The rationale of the circuit court was that the inclusion of attorneys' fees awardable pursuant to section 1988 within the "costs" under Rule 68 would deter plaintiffs from pursuing good-faith actions. Plaintiffs would face the prospect of losing the right to attorneys' fees if a judgment less than the amount of the offer of judgment was ultimately awarded at trial. "The legislators who enacted section 1988 would not have wanted its effectiveness blunted because of a little known rule of court." *Chesny v. Marek*, 720 F.2d 474, 479 (7th Cir.1983), *cert. granted*, 466 U.S. 949, 104 S.Ct. 2149, 80 L.Ed.2d 536 (1984).

The United States Supreme Court reversed the court of appeals and affirmed the district court's denial of the respondent's post-offer attorneys' fees. The Court held that the term "costs" in Rule 68 includes attorneys' fees awardable under 42 U.S.C. § 1988. The court held that "absent congressional expressions to the contrary, where the underlying statute defines 'costs' to include attorneys' fees, we are satisfied such fees are to be included as costs for the purposes of Rule 68." *Marek*, 473 U.S. at 9, 105 S.Ct. at 3016. Because section 1988 used the language "as part of the costs," attorneys' fees were includable within Rule 68 costs.

Three justices dissented in an opinion authored by Justice Brennan. The basis of Justice Brennan's dissent was that the "application of [the majority's holding] to the

over 100 attorneys' fees statutes enacted by Congress will produce absurd variations in Rule 68's operation based on nothing more than picayune differences in statutory phraseology. Neither Congress nor the drafters of the Rules could possibly have intended such inexplicable variations in settlement incentives." *Marek*, 473 U.S. at 14–15, 105 S.Ct. at 3019 (Brennan, J., dissenting). Justice Brennan opined that " 'costs' as that term is used in the Federal Rules should be interpreted uniformly in accordance with the definition of costs set forth in [28 U.S.C.] § 1920."

In the years since *Marek* was decided, a significant amount of federal litigation has addressed whether attorneys' fees are included as part of FRCP Rule 68 costs. Minor variations in drafting of attorneys' fee statutes have led to opposing results for Rule 68 purposes. *See, e.g. United States v. Trident Seafoods Corp.*, 92 F.3d 855 (9th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 944, 136 L.Ed.2d 833 (1997) (holding that "costs" under the Clean Air Act only include attorneys' fees for Rule 68 purposes if the action is unreasonable); *Sheppard v. Riverview Nursing Center, Inc.*, 88 F.3d 1332, 1337 (4th Cir.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 483, 136 L.Ed.2d 377 (1996) (holding that attorneys' fees are not part of costs for Rule 68 purposes under the Civil Rights Act of 1991, 42 U.S.C. § 2000e–5(g)(2)(B)(i)); *Thomas v. Peterson*, 841 F.2d 332, 334 (9th Cir.1988) (holding that costs do not include attorneys' fees for Rule 68 purposes under the Equal Access to Justice Act, 28 U.S.C. § 2412).

We believe that time has shown Justice Brennan's dissent to reflect the more meritorious position. Because of the special risks to the plaintiff in accepting or rejecting a Rule 68 offer, the outcome of this issue should be uniform and predictable.[6] Taxable

---

**4.** 42 U.S.C. § 1988 provides that a prevailing party in a § 1983 action may be awarded attorneys' fees "as part of the costs."

**5.** The district court did not shift to the respondent any costs or fees incurred by the Petitioner, and this was not contested. *Marek*, 473 U.S. at 4 n. 1, 105 S.Ct. at 3014 n. 1.

**6.** Numerous statutory sections in Hawai'i currently allow for an award of attorneys' fees to a prevailing party. *See, e.g.* HRS §§ 26–35.5(h)(member of state board), 92–12 (suits to enforce open meetings law), 290–11 (unattended vehicles), 607–25(e)(1) (suit for injunctive relief against developer for lack of required permits). These contain varying language as to whether the

"costs" are generally awardable to a prevailing party pursuant to HRCP Rule 54(d). Allowable taxable "costs" are defined in Hawai'i Revised Statutes § 607-9 (1993). *Bjornen v. State Farm Fire and Cas. Co.*, 81 Hawai'i 105, 912 P.2d 602 (App.1996). Ordinarily, attorneys' fees are not awarded as costs. *S. Utsunomiya Enters., Inc. v. Moomuku Country Club*, 76 Hawai'i 396, 399 n. 3, 879 P.2d 501, 504 n. 3 (1994). Therefore, in the interest of clarity and avoiding excessive litigation, we hold that "costs" as defined in HRCP Rule 68, do not include attorneys' fees.

.This does not end our analysis because, in the instant case, Collins accepted South Seas' offer of judgment. If Collins and South Seas mutually intended that the language "inclusive of costs accrued" include attorneys' fees, then Collins would have waived her right to statutory attorneys' fees under general principles of contract law.

B. *Collins did not agree to waive her right to attorneys' fees.*

■ "As a general matter, it is agreed that since Rule 68 offers are basically offers of settlement their provisions should be interpreted according to contract law principles." Wright, *supra* § 3002. However, there are special considerations in a Rule 68 case. Although this issue has not been addressed by the Hawai'i appellate courts, the following court's reasoning is persuasive.

When a defending party chooses to couch its settlement offer in terms of a Rule 68 offer of judgment, it is taking advantage of certain tactical advantages not available to the normal offeror.... Unlike the offeree of an ordinary contract, the Rule 68 offeree is bound by an offer of judgment whether it is accepted or not. Because of the difficulty of the choice that an offer of judgment requires a claimant to make, it is essential that he be able to discern with certainty what the precise terms of the offer are. When an offer of judgment uses terms of art, a claimant must be allowed to make his acceptance decision based on the interpretation those terms are commonly given. To allow a Rule 68 offeror to inject

ambiguities into its offer after the fact would be tantamount to requiring the offeree to guess what meaning a court will give to the terms of that offer before deciding whether to accept it or not.

*Said v. Virginia Commonwealth Univ.*, 130 F.R.D. 60, 63 (E.D.Va.1990). Because of the special considerations in a Rule 68 offer, "courts may be particularly prone to interpret the language of a Rule 68 offer against the defendant that drafted it." Wright, *supra* § 3002.

The United States Court of Appeals for the Ninth Circuit has held that "any party wishing to foreclose a suit for [allowable] fees must negotiate a provision waiving attorneys' fees.... [I]f the defendant can provide clear evidence that demonstrates that an ambiguous clause was intended by both parties to provide for the waiver of fees, then the defendant is absolved of liability." *Muckleshoot Tribe v. Puget Sound Power and Light Co.*, 875 F.2d 695, 698 (9th Cir.1989). "Any waiver or limitation of attorney fees in settlements ... must be clear and unambiguous." *Erdman v. Cochise County, Ariz.*, 926 F.2d 877 (9th Cir.1991).

The purpose of Rule 68 is to encourage settlement and avoid protracted litigation. *Marek, supra.* To subject Rule 68 offers to collateral proceedings to determine the meaning of the language in offers of judgment undermines the purpose of the rule. *Chambers v. Manning*, 169 F.R.D. 5,8 (D.Conn.1996).

■ · In the instant case, there is nothing in the language of the offer of judgment accepted by Collins that indicates she intended to waive her statutory entitlement to attorneys' fees. Collins's letter of July 14, 1995 indicates her position that she was entitled to attorneys' fees in the event she prevailed in achieving a favorable judgment. South Seas' offer of judgment on May 16, 1995 stated that it was inclusive of "costs and attorneys' fees." This offer was rejected by Collins. South Seas' offer on July 24, 1995 stated that it was "inclusive of allowable costs." This offer, accepted by Collins, made no mention of attorneys' fees. Because the

---

attorneys' fees are subsumed within costs or in addition to costs.

offer was ambiguous, we construe the language of the offer. against South Seas and hold that Collins did not waive her right to attorneys' fees by accepting the July 24, 1995 offer of judgment. If a defendant intends the offer of judgment to include attorneys' fees, the language of the Rule 68 offer must unambiguously state that the offer includes allowable attorneys' fees.

### C. Collins's claim for attorneys' fees is not barred by full satisfaction of judgment.

 South Seas argues that Collins's claim for attorneys' fees is barred by the full satisfaction of judgment. South Seas' check was tendered "for full and final payment of the judgment." On September 19, 1996, a satisfaction of judgment was filed, acknowledging that the $40,000 owed by South Seas under the accepted offer of judgment had been paid. South Seas now argues that this acceptance and judicial acknowledgment of payment extinguishes Collins's right to any further payment for attorneys' fees.

HRS § 378–5(c) states that "[i]n any action brought under this part, the court, *in addition to any judgment* awarded to plaintiff or plaintiffs, shall allow costs of action, including costs of fees of any nature and reasonable [attorneys'] fees, to be paid by the defendant." (emphasis added). A judgment in favor of Collins was entered on March 7, 1996. Collins accepted South Seas' check for full and final payment of the judgment. However, under the plain language of HRS § 378–5(c), Collins is not precluded from moving for her attorneys' fees in addition to the judgment in her favor. Therefore, her claim is not barred by the satisfaction of judgment.

### III. CONCLUSION

For the foregoing reasons, we hold that the circuit court abused its discretion in denying Collins her attorneys' fees. Therefore, we vacate the order of the circuit court denying Collins's application for statutory award of attorneys' fees and remand the case with directions to determine the amount of fees to which Collins is entitled.