130 P.3d 1069

Iris J. KIKUCHI, Plaintiff–Appellant,

v.

Cheri M. BROWN, and Chris K. Brown, Defendants–Appellees,

and

John Does 1–5; Jane Does 1–5; Doe Partnerships 1–5; Doe Corporations 1–5; Doe Entities 1–5; and Doe Governmental Entities 1–5, Defendants.

No. 26090.

Intermediate Court of Appeals of Hawai'i.

Feb. 27, 2006.

As Corrected March 14, 2006.

Janice P. Kim, Honolulu, on the briefs, for Plaintiff–Appellant.

Harvey E. Henderson, J. Patrick Gallagher, and Greg H. Takase, (Henderson Gallagher & Kane), on the briefs, for Defendants–Appellees.

BURNS, C.J., WATANABE and FUJISE, JJ.

Opinion of the Court by FUJISE, J.

Plaintiff–Appellant Iris J. Kikuchi (Kikuchi) appeals from the Final Judgment filed on August 6, 2003, in the Circuit Court of the First Circuit (circuit court)[1] in favor of Defendants–Appellees Cheri M. Brown (Cheri) and Chris K. Brown (collectively, the Browns). On appeal, Kikuchi contends that the circuit court erred by awarding (1) all the costs requested by the Browns under Hawai'i Rules of Civil Procedure (HRCP) Rule 68 (Rule 68) and (2) ordinary costs to the

Browns without "making factual findings as to their propriety." As we conclude the circuit court erred in awarding messenger fees as costs, we vacate that part of the judgment. In all other respects, we affirm.

## I.

This case arose from a motor vehicle accident between Kikuchi and Cheri on June 5, 2000, at the Kapolei Shopping Center. Cheri was the driver and Chris Brown, her husband, was the registered owner of the vehicle. Liability was disputed. Kikuchi claimed Cheri backed her van into Kikuchi's car and Cheri claimed she had already reversed out of a parking stall when Kikuchi drove her car into Cheri's van.

On August 3, 2001, Kikuchi filed a complaint against the Browns and the parties went through the Court Annexed Arbitration Program. The arbitrator's award was in Kikuchi's favor in the amount of $21,326.00, including $480.11 for Kikuchi's costs. The Browns appealed from the arbitrator's award on July 15, 2002 and on the same day served Kikuchi with a Rule 68 offer of settlement in the amount of $2,500.00, inclusive of costs. Kikuchi failed to accept the offer within 10 days as required by Rule 68, and accordingly, the offer was deemed withdrawn and the case proceeded to trial. By way of a special verdict rendered on May 5, 2003, the jury found that Cheri was negligent, but that her negligence was not the legal cause of Kikuchi's injuries.

On May 28, 2003, the Browns filed a motion for costs under HRCP Rule 54, Rule 68 and Hawai'i Arbitration Rules (HAR), Rule 25 and attached a documented list of their costs to the motion. After briefing by the parties and a hearing, the circuit court granted the Browns' motion in its entirety and filed a judgment[2] in the Browns' favor on August 6, 2003. Kikuchi timely appealed.

---

1. The Honorable Eden Elizabeth Hifo presided.

2. The court's "Final Judgment" read, in its entirety:

> Pursuant to Hawaii Rules of Civil Procedure Rule 58, Judgment is hereby entered in favor of Defendants CHERI M. BROWN and CHRIS K. BROWN (hereinafter collectively referred to

as "Defendants BROWN") and against Plaintiff IRIS J. KIKUCHI (hereinafter "KIKUCHI") on all counts of the [sic] KIKUCHI's Complaint in accordance with the Special Verdict entered in favor of Defendants BROWN returned by the jury in this matter on May 5, 2003; and

## II.

 Kikuchi contends the circuit court erred by awarding the Browns all of their requested costs under HRCP Rule 68.[3] "When interpreting rules promulgated by the court, principles of statutory construction apply. Interpretation of a statute is a question of law which we review *de novo.*" *Gap v. Puna Geothermal Venture*, 106 Hawai'i 325, 331, 104 P.3d 912, 918 (2004) (internal quotation marks and citation omitted). Costs under Rule 68 refer to "actual disbursements deemed reasonable by the court," *Canalez v. Bob's Appliance Serv. Ctr., Inc.*, 89 Hawai'i 292, 306, 972 P.2d 295, 309 (1999), and the "trial court has the discretion of determining what is reasonable." *Id.* (quoting *Geldert v. State*, 3 Haw.App. 259, 268, 649 P.2d 1165, 1172 (1982)). An abuse of discretion occurs if the trial court has "clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26 (1992) (citation omitted).

It is undisputed that the Browns made an offer of settlement under Rule 68 on July 15, 2002, that Kikuchi failed to accept the offer, and that the jury trial resulted in a verdict in the Browns' favor. Thus, at first blush, the judgment entered was not "more favorable" to Kikuchi than the Browns' offer and, by operation of Rule 68, the Browns would be entitled to costs incurred after July 15, 2002, when the offer was made.

However, Kikuchi contends that the circuit court erred in awarding all of the Browns' requested costs under Rule 68 because (1) the jury did not render a verdict in favor of Kikuchi and the offer of settlement did not account for the "covered loss deductible" as provided in Hawaii Revised Statutes (HRS) § 431:10C–301.5 (Supp.2004) and (2) the award of "other ordinary costs" to the Browns was improperly made, "without making factual findings as to their propriety[.]" We address each contention in turn.

### A. HRCP Rule 68 Applies to a Favorable Defense Verdict.

 Maintaining that Rule 68 does not apply, Kikuchi argues in her opening brief that "if the plaintiff does not win some sort of verdict against the defendant, an offer of judgment under Rule 68 is void, and cannot be used to gain an award of costs. This is black-letter law in Hawaii." Although the language of Rule 68, prior to amendment in 1999, was identical to Federal Rules of Civil Procedure (FRCP) Rule 68[4] and federal precedent interpreting identical language in federal rules is "highly persuasive," *Collins v. South Seas Jeep Eagle*, 87 Hawai'i 86, 88, 952 P.2d 374, 376 (1997) (internal quotation marks and citations omitted), the Hawai'i Supreme Court has reserved the authority to interpret the Hawai'i rules differently. *Id.*

Consequently, the Hawai'i Supreme Court affirmed an award of post-offer costs under HRCP Rule 68 (1972)[5] to a defendant, whose

Judgment is further entered pursuant to Hawaii Rules of Civil Procedure Rules 54(d) and 68 in favor of Defendants BROWN and against KIKUCHI pursuant to the award of costs in favor of Defendants BROWN and against KIKUCHI in the total amount of $10,603.29 as set forth in the Order Granting Defendants Cheri M. Brown and Chris K. Brown's Motion for Costs.

This is a Final Judgment as to all claims against all parties.

3. Hawai'i Rules of Civil Procedure (HRCP) Rule 68 (1999) reads, in relevant part, as follows:

**RULE 68. OFFER OF SETTLEMENT OR JUDGMENT.**

At any time more than 10 days before the trial begins, any party may serve upon any adverse party an offer of settlement or an offer to allow judgment to be taken against either

party for the money or property or to the effect specified in the offer, with costs then accrued.... An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

4. The version of HRCP Rule 68 applicable to this case became effective on July 1, 1999.

5. HRCP Rule 68 (1972) provided, in pertinent part,

**OFFER OF JUDGMENT.** At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be

offer was rejected by plaintiff, where the jury rendered a defense verdict. *Canalez*, 89 Hawai'i at 306–09, 972 P.2d at 309–12. While the court did not explicitly decide whether either version of HRCP Rule 68 applied where a defense verdict was rendered,[6] this court had previously held, without discussion, in *Richardson v. Lane*, 6 Haw.App. 614, 623, 736 P.2d 63, 70 (1987), that "Rule 68's provision requiring the offeree to pay the offeror's costs and attorney's fees is not applicable in a case where judgment is rendered against the offeree."[7] (Citation omitted.) At the time, HRCP Rule 68 was virtually identical to its federal counterpart and federal courts had so construed FRCP Rule 68.[8] *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981).[9]

The federal rule and the pre–1999 version of HRCP Rule 68 were limited to "a party defending against a claim" and HRCP Rule 68 had been further limited to only those costs associated with the claim the party was defending against. *Crown Props., Inc. v.*

*Fin. Sec. Life Ins. Co.*, 6 Haw.App. 105, 113, 712 P.2d 504, 510 (1985). With the 1999 amendment to HRCP Rule 68, "*any party* may serve upon *any adverse party* an offer *of settlement* or an offer to allow judgment to be taken *against either party.*" (Language added in 1999 underscored.)

■ The intent behind this amendment appears clear: To level the playing field by allowing offers of settlement by all parties to the litigation and to encourage the offeree to accept the offer or run the risk that he or she must pay the offeror's costs if the eventual judgment is not more favorable than the offer. The change to the language of the first sentence of the rule by necessity changed the meaning of the fourth: the offeror could be any party and the offeree could be any party who had received the offer. Consequently, because a defendant could now be an "offeree," a plaintiff could collect post-judgment costs where a judgment in defendant's favor was not more fa-

---

taken against him for the money or property or *to the effect specified in his offer, with costs then accrued....* If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

6. Indeed, it was unnecessary to decide the question in *Canalez v. Bob's Appliance Serv. Ctr., Inc.*, 89 Hawai'i 292, 306, 972 P.2d 295, 309 (1999), as the plaintiff there did not "dispute that costs were authorized under HRCP Rule 68."

7. In *Richardson v. Lane*, 6 Haw.App. 614, 617, 736 P.2d 63, 66 (1987), upon the plaintiff's attorney's refusal to participate in a trial after his motion to disqualify the trial judge was denied, the trial judge "orally dismissed the complaint on its merits, dismissed the cross-claims between [the defendants], entered a default against Plaintiffs on [defendants'] counterclaims, and allowed Defendants to present proof of damages", eventually entering judgment, on this basis, in defendants' favor.

8. Federal Rules of Civil Procedure (FRCP) Rule 68 (1966) provided:
 At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer

and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.
 Compare with HRCP Rule 68 (1972), supra, at n. 5.

9. In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the United States Supreme Court expressly limited the scope of FRCP Rule 68 to cases involving offers made by defendants and favorable judgments obtained by plaintiffs. *Id.*, 450 U.S. at 351, 101 S.Ct. 1146. The high court noted the potential for abuse of this provision by defendants making offers too low for the plaintiff to accept yet collecting costs from the plaintiff if the defendant wins. *Id.*, 450 U.S. at 353, 101 S.Ct. 1146.

vorable than the plaintiff's offer. In short, the removal of the defendant-only limitation on offerors also removed the plaintiff-only limitation on judgments. Similarly, the amendment allowing an offer of judgment to be taken "against either party" would be rendered meaningless if the rule were still to be interpreted as applying only to judgments rendered in the offeror's favor.

Kikuchi counters by arguing that such an interpretation could lead to abuse of the rule as expressed by the court in *Delta Air Lines*, in that defendants could qualify for payment of their costs merely by making unreasonably low offers of settlement.[10]

Two answers immediately come to mind. First, there is a built-in deterrent against unreasonably low offers as such offers increase the likelihood that the offeree will do better by going to trial, rendering the offeror ineligible for costs. More importantly, to deny application of Rule 68 to defense verdicts creates an anomaly: A defendant who "loses small" because the judgment in plaintiff's favor was less than the offer would be awarded costs while the defendant who won outright would not. This anomaly is antithetical to the primary purpose of Rule 68—to encourage settlement—as there would be no incentive for a defendant to make any offer whatsoever where the chance of winning was substantial.

We therefore hold that HRCP Rule 68 does apply where the judgment is in the defendant-offeror's favor as it too can represent a judgment that is not more favorable to the offeree than the offer.

### B. A Valid HRCP Rule 68 Offer of Settlement Need Not Explicitly Account for the Covered Loss Deductible.

■ Relying on *Ass'n of Apt. Owners of Wailea Elua v. Wailea Resort Co., Ltd.*, 100 Hawai'i 97, 58 P.3d 608 (2002) and *Crown Props., supra*, Kikuchi contends that the Browns' offer of settlement did not resolve all claims between the parties because it did not specify how the "covered loss deductible" provided in HRS § 431:10C–301.5[11] would affect the offer. Kikuchi contends that if she accepted the Browns' offer of $2,500.00, by operation of HRS § 431:10C–301.5, she would get nothing.

It is true that a valid Rule 68 offer must "fully and completely decide the claim or claims toward which the offer is directed." *Ass'n of Apt. Owners*, 100 Hawai'i at 120, 58 P.3d at 631, quoting *Crown Props.*, 6 Haw. App. at 113, 712 P.2d at 510. In *Ass'n of Apt. Owners*, the defendant explicitly reserved a challenge to the plaintiff's claim for a declaratory judgment in its offer. 100 Hawai'i at 119–20, 58 P.3d at 630–31. In *Crown Props.*, the offer did not address the declaratory judgment and summary possession claims. 6 Haw.App. at 113–14, 712 P.2d at 510. In contrast, Kikuchi's complaint alleged a single claim sounding in tort and the Browns straightforwardly offered "$2,500 inclusive of costs accrued." There is nothing in the authority Kikuchi cites or in the plain language of HRCP Rule 68 which requires the specificity she claims.

---

**10.** However, *Delta Air Lines* has not been universally followed. Of the 20 states ruling on this issue, 12 have held their Rule 68 equivalent applied to defense verdicts. *Kellis v. Crites*, 20 P.3d 1112 (Alaska 2001), *Greenwald v. Ford Motor Co.*, 196 Ariz. 123, 993 P.2d 1087 (Ariz.Ct. App.1999), *Thompson v. Miller*, 112 Cal.App.4th 327, 4 Cal.Rptr.3d 905 (Cal.Ct.App.2003), review withdrawn, (Nov. 25, 2003), *Jorgensen v. Heinz*, 847 P.2d 181 (Colo.Ct.App.1992), *Paull v. Coughlin*, 39 Conn.Supp. 467, 466 A.2d 347 (1983), *Timmons v. Combs*, 608 So.2d 1 (Fla.1992), *Divine v. Groshong*, 235 Kan. 127, 679 P.2d 700 (1984), *Luidens v. 63rd Dist. Court*, 219 Mich. App. 24, 555 N.W.2d 709 (1996), *Schwartz v. Estate of Greenspun*, 110 Nev. 1042, 881 P.2d 638 (1994), *Griffis v. Lazarovich*, 164 N.C.App. 329, 595 S.E.2d 797 (2004), *Fuller v. Pacheco*, 21 P.3d 74 (Okla.Civ.App.2001) cert. denied March 31, 2001, *Cole v. Clifton*, 833 S.W.2d 75 (Tenn.Ct. App.1992).

**11.** Hawaii Revised Statutes (HRS) § 431:10C–301.5 (Supp.2004) provides:

> § 431:10C–301.5 Covered loss deductible. Whenever a person effects a recovery for bodily injury, whether by suit, arbitration, or settlement, and it is determined that the person is entitled to recover damages, the judgment, settlement, or award shall be reduced by $5,000 or the amount of personal injury protection benefits incurred, whichever is greater, up to the maximum limit. The covered loss deductible shall not include benefits paid or incurred under any optional additional coverage or benefits paid under any public assistance program.

### C. The Award of the Browns' Costs Was Not an Abuse of the Court's Discretion; Messenger Fees Are Not Costs.

The Browns moved "for costs incurred after the date of the making [of] an Offer of Settlement pursuant to [HRCP] Rule 68 and/or for costs of trial pursuant to [HAR] Rule 25 and HRCP Rule 54 in the amount of $10,603.29." The circuit court awarded to the Browns all of their requested costs, finding "good grounds" existed for the motion.[12] Kikuchi contends the circuit court erred by (1) awarding "ordinary costs" to the Browns without "making factual findings as to their propriety," (2) placing upon her the burden of proving the costs were unreasonable and (3) awarding "a number of alleged costs."

■■■ If a valid Rule 68 "offer is rejected, and the offeree ultimately obtains a judgment that is less favorable than the offer, the offeree *must* pay the offeror's post-offer costs, and the offeree is precluded from obtaining his or her post-offer costs." *Collins*, 87 Hawai'i 86, 88, 952 P.2d 374, 376 (1997) (emphasis supplied). "Costs" are those properly awardable under HRS § 607–9 (1993),[13]

which provides for "actual disbursements" that are "deemed reasonable by the court," *id.* at 90, 952 P.2d at 378, *Canalez*, 89 Hawai'i at 306, 972 P.2d at 309, and "that are [not] expressly prohibited by statute or precedent." *Canalez*, 89 Hawai'i at 306, 972 P.2d at 309. The determination of reasonableness is within the discretion of the trial court. *Id.* Once there is a qualifying request for costs under HRCP Rule 68, as there was here, the burden was upon Kikuchi to show that the Browns' claimed costs were unreasonable. *Canalez*, 89 Hawai'i at 307, 972 P.2d at 310, *Wong v. Takeuchi*, 88 Hawai'i 46, 53–54, 961 P.2d 611, 618 (1998). If there are objections to specific items, as there was here, the burden shifts to the claiming party to prove the correctness of the items. *Canalez*, 89 Hawai'i at 307, 972 P.2d at 310, *Wong*, 88 Hawai'i at 53, 961 P.2d at 618. Here, the Browns filed a response to Kikuchi's objections.

■■■ Similarly, although the trial court has the discretion to award costs to the prevailing party under HRCP Rule 54(d)[14] and HAR Rule 25,[15] there is a strong pre-

---

12. The court's order read, in pertinent part,

the Court having reviewed the memoranda, having heard oral argument and being fully apprised in the premises;

The Court hereby finds that good grounds exist for the granting of the Motion and therefore,

IT IS HEREBY ORDERED that Defendants Cheri M. Brown and Chris K. Brown's Motion for Costs is hereby GRANTED. Defendants are awarded costs of $10,603.29.

13. HRS § 607–9 (1993) provides:

§ 607–9 **Cost charges exclusive; disbursements.** No other costs of court shall be charged in any court in addition to those prescribed in this chapter in any suit, action, or other proceeding, except as otherwise provided by law.

All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel, expenses for deposition transcript originals and copies, and other incidental expenses, including copying costs, intrastate long distance telephone charges, and postage, sworn to by an attorney or a party, and deemed reasonable by the court, may be allowed in taxation of costs. In determining whether and what costs should be taxed, the court may consider the equities of the situation.

14. HRCP Rule 54(d) provides:

**(d) Costs; attorneys' fees.**

(1) COSTS OTHER THAN ATTORNEYS' FEES. Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the State or a county, or an officer or agency of the State or a county, shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on 48 hours' notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

15. Hawai'i Arbitration Rules (HAR) Rule 25 (1999) primarily defines a "prevailing party" and provides,

**RULE 25. THE PREVAILING PARTY IN THE TRIAL DE NOVO; COSTS.**

(A) The "Prevailing Party" in a trial de novo is the party who (1) appealed and improved upon the arbitration award by 30% or more, or (2) did not appeal and the appealing party failed to improve upon the arbitration award by 30% or more. For the purpose of this rule, "improve" or "improved" means to increase the award for a plaintiff or to decrease the award for the defendant.

(B) The "Prevailing Party" under these rules, as defined above, is deemed the prevailing party under any statute or rule of court.

sumption that the prevailing party will be awarded costs. *Wong*, 88 Hawai'i at 52–54, 961 P.2d at 617–19. Consequently, the losing party also bears the burden of showing an award of costs would be "inequitable under the circumstances," *id.*, at 52, 961 P.2d at 617, quoting 10 James Wm. Moore, et al., *Moore's Federal Practice* § 54.101(1)(a-b) (3d ed.1998), and the court should exercise its discretion sparingly "when the requested expenses are not specifically allowed by statute or precedent." *Wong*, 88 Hawai'i at 54, 961 P.2d at 619 (quotation marks and citations omitted).

 The difference between the application of HRCP Rule 68 and Rule 54 is grounded in the policy behind having a separate rule governing costs in the offer of settlement context: To provide a "deservedly harsh" sanction for the failure of the offeree to properly evaluate his or her case and to accept the reasonable offer of the offeror. *Canalez*, 89 Hawai'i at 308, 972 P.2d at 311. Thus, where the claimed cost "would clearly serve to better promote the purpose and policies underlying the rule," it should be awarded under HRCP Rule 68. *Id.* Consequently, as a general proposition, a wider range of costs would be permissible under HRCP Rule 68 than under Rule 54.

 Finally, there is no requirement— although it would greatly aid in the appellate review of the decision—that the circuit court explicitly make findings regarding the propriety of its award of costs. In any event, it is evident on this record, given the full briefing on the propriety of each cost, that the circuit court found them proper. We turn now to a review of the law and the record to determine whether such a determination as to each cost correctly applied the law and was a proper exercise of discretion.

### 1. Expert Witness Fees

Kikuchi's challenge to the Browns' claim for expert witness fees appears to be based solely on her argument that HRCP Rule 68 did not apply to this case. As we have concluded to the contrary, there is no need for further review. *Canalez*, 89 Hawai'i at 307–08, 972 P.2d at 310–11.

### 2. Cost of Document Duplication

 The Browns' attorney attested to all costs claimed as incurred during the defense of the action and specified $127.79 and $246.10 as the cost of photocopying by a copying service and in-house, respectively. The documentation included a per-document itemization. Although Kikuchi contends, citing to foreign authority, that "a defendant may not recover the photocopy expenses incurred in copying their own pleadings and motions for filing with the Court, serving on opposing counsel, or sending to their clients or their own witnesses[,]" the law in Hawai'i is not so restrictive. Section 607–9, HRS, lists as a taxable cost "copying costs" without limit. *See also, Wong*, 88 Hawai'i at 54, 961 P.2d at 619 ("copying costs . . . are expressly allowable under HRS § 607–9 . . . . Therefore, all of these items are allowable taxable costs.") Given the information provided to the court by the Browns in their motion, there was no abuse in awarding the duplication costs prayed for here.

### 3. Deposition Costs

 Kikuchi challenges the charge for the deposition of Clyde F. Calhoun ($347.93) and for the copies of depositions noticed by her (Cheri Brown ($121.36), "HPD" ($31.25), Chris Brown ($78.12) and Sharnay Wong ($55.98)). Calhoun, Wong and "Police Officer Federico Delgadillo, Jr." were all named by Kikuchi as witnesses she intended to call at trial; Cheri Brown and Chris Brown are parties to this action. Section 607–9, HRS, specifically authorizes "expenses for deposition transcript originals and copies." *See also*, HRS § 624–35 (1993).

Kikuchi claims that not all the depositions were used, or witnesses called, at trial, and were therefore unnecessary. However, *Canalez* makes clear that use at trial is not a prerequisite for a finding of reasonableness. *Canalez*, 89 Hawai'i at 308–309, 972 P.2d at

As such, the prevailing party is entitled to costs of trial and all other remedies as provided by law, unless the Court otherwise directs.

The Commentary to this rule explains that it was intended to make clear that the award of costs is not mandatory.

311–312. *See also Ferrer v. Ngo,* 102 Hawai'i 119, 124, 73 P.3d 73, 78 (2003).

Moreover, as to the largest of the costs—that of the deposition of Kikuchi's expert Clyde Calhoun—the Browns pointed out below that although Kikuchi provided only Calhoun's four-page report, the deposition revealed 126 pages of documents, including photographs of the scene, diagrams and calculations relied upon by Calhoun. The circuit court did not abuse its discretion in allowing these deposition costs.

#### 4. Cost of Enlargements

■ The Browns were awarded $851.02 for enlargements of photographs of the accident scene that were actually used as demonstrative aids at trial. Kikuchi contends that HRS § 607–9 does not expressly allow the cost of enlargements and that other jurisdictions have held that "enlargements is [sic] allowable only when a party receives agreement from his opponent for the cost in advance of trial, or when the enlarged photos are essential for use at trial."

■ This is not the law in Hawai'i,[16] and unlike 28 *United States Code,* § 1920, HRS § 607–9 is not an exclusive list. Moreover, in the Rule 68 context, a blanket prohibition would depend on the existence of a statute or case law. *Canalez,* 89 Hawai'i at 306, 972 P.2d at 309. Short of such a bar, costs will be allowed where doing so would "clearly serve to better promote the purpose and policies underlying the rule." *Id.,* 89 Hawai'i at 308, 972 P.2d at 311. Where liability for a motor vehicle accident is in dispute, it would not be unreasonable to provide the trier of fact with relevant, easily viewable, visual aids to better understand the location and circumstances of the accident. Provided that the visual aids were not substantially more expensive or elaborate than are commonly em-

ployed by the relevant legal community—matters best determined by the trial court—they could properly be included in those costs necessary for presenting a case to the jury. As such, they are properly included in costs taxed as a penalty for failing to accept a reasonable offer, as measured by the jury's verdict. The circuit court did not abuse its discretion in awarding the cost of enlargements. *Canalez,* 89 Hawai'i at 306, 972 P.2d at 309.

#### 5. Cost of Messenger Service

■ By contrast, we hold that messenger fees for the routine task of delivering defendant's documents to court, is categorically outside the concept of "costs."

Generally overhead office expenses, namely expenses that an attorney regularly incurs regardless of specific litigation, including telephone charges, in-house delivery charges, in-house photocopying, check processing, newspaper subscriptions, and in-house paralegal and secretarial assistance, are not recoverable as costs of litigation. See *Harris Trust & Savings Bank v. American National Bank & Trust Co. of Chicago,* 230 Ill.App.3d 591, 599, 171 Ill.Dec. 788, 594 N.E.2d 1308, 1315 (1992), citing *Kaiser v. MEPC American Properties, Inc.,* 164 Ill.App.3d 978, 989, 115 Ill. Dec. 899, 518 N.E.2d 424, 431 (1987). Such overhead refers mainly to fixed expenses which are, therefore, already reflected in an attorney's hourly rate. See *Harris Trust & Savings Bank,* 230 Ill. App.3d at 599, 171 Ill.Dec. 788, 594 N.E.2d at 1315. As a result, they should not be apportioned to any single cause of action so as to constitute an additional charge. This definition of overhead does not include charges for expenses specially in-

16. Nor is it the rule espoused by the cases she cites. For example, in *Johns–Manville Corp. v. Cement Asbestos Products Co.,* 428 F.2d 1381 (5th Cir.1970) the court held that costs not allowed by statute were generally disallowed but could be approved in advance by the court. Later, after the Eleventh Circuit split from the Fifth Circuit, it held, in *U.S. E.E.O.C. v. W & O, Inc.,* 213 F.3d 600 (11th Cir.2000), that costs not authorized by statute would be disallowed. Long before the *U.S. E.E.O.C.* decision, the United States Su-

preme Court had ruled that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 445, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). *See also, Nelson v. Sisters of Charity of the Incarnate Word,* 967 F.Supp. 929 (S.D.Tex.1997) (cost of trial exhibits, notebooks and blow-ups not allowed as not authorized by 28 USC § 1920).

curred to third parties specifically in furtherance of a particular cause of action. See *Harris Trust & Savings Bank,* 230 Ill.App.3d at 600, 171 Ill.Dec. 788, 594 N.E.2d at 1315. Accordingly, such services for which special payment is made to third parties are treated as independently recoverable costs of litigation. See *Harris Trust & Savings Bank,* 230 Ill.App.3d at 600, 171 Ill.Dec. 788, 594 N.E.2d at 1315. Such recoverable costs would include expenses for expert witnesses (see *Miller,* 267 Ill.App.3d at 172, 204 Ill.Dec. 774, 642 N.E.2d at 485), special process servers (see *Harris Trust & Savings Bank,* 230 Ill. App.3d at 600, 171 Ill.Dec. 788, 594 N.E.2d at 1315), depositions (see generally *Galowich,* 92 Ill.2d at 166, 65 Ill.Dec. 405, 441 N.E.2d at 322 (deposition expenses are recoverable where the deposition is necessarily used at trial)), court reporters (see *Galowich,* 92 Ill.2d at 166, 65 Ill.Dec. 405, 441 N.E.2d at 322; *Miller,* 267 Ill.App.3d at 173, 204 Ill.Dec. 774, 642 N.E.2d at 485–86), filing fees (see *Kaiser,* 164 Ill.App.3d at 990, 115 Ill.Dec. 899, 518 N.E.2d at 431), as well as outside messenger services (see *Harris Trust & Savings Bank,* 230 Ill. App.3d at 600, 171 Ill.Dec. 788, 594 N.E.2d at 1315).

Arguably, even under this analysis, certain routine, minimal out-of-pocket expenses, although paid specially to third parties, such as minimal telephone charges, postage and copying, should be treated as overhead costs in that they are routinely incurred in virtually every legal matter handled. See, *e.g., Guerrant v. Roth,* 334 Ill.App.3d 259, 268, 267 Ill.Dec. 696, 777 N.E.2d 499, 506 (2002) (photocopying, check processing, newspaper subscriptions and telephone and delivery services are normally included in office overhead). Only when such expenses are extraordinary in terms of volume and cost, *e.g.,* in class action suits requiring extensive mailing or voluminous copying, should they be recoverable. See *Losurdo Brothers v. Arkin Distributing Co.,* 125 Ill.App.3d 267, 276, 80 Ill.Dec. 348, 465 N.E.2d 139, 146 (1984) (duplicating expenses, unless they are extraordinary, are

normally associated with office overhead expenses and are included within the attorney's hourly rate).

*Johnson v. Thomas,* 342 Ill.App.3d 382, 401–02, 276 Ill.Dec. 669, 684–85, 794 N.E.2d 919, 934–35 (2003). *See also, Yasui v. Maui Electric Co., Ltd.,* 78 F.Supp.2d 1124, 1128 (D.Haw.1999) (courier costs are not included in the statute and are "overhead"). Black's provides a similar formulation: "Business expenses (such as rent, utilities or support-staff salaries) that cannot be allocated to a particular product or service; fixed or ordinary operating costs." *Black's Law Dictionary* 1136 (8th ed.2004).

We view the function of delivering documents, as a general proposition, akin to the other tasks performed by support staff. We are aware that some firms hire support staff whose responsibilities include the delivery and retrieval of documents while other firms subscribe to an outside service to perform this function. The fact that, by out-sourcing this function, it is possible to identify or allocate the cost attributable to a particular case does not change the nature of the task. The filing and delivery of legal documents is essential to the provision of legal services and must be considered a part of the delivery of those services. Thus, except in the rare circumstance where the need in a particular case is extraordinary in its volume or nature, the cost of this function, even under the relaxed standard for Rule 68 awards of costs, is properly treated as overhead. As messenger fees are not taxable costs, the Browns' award should be reduced by the $26.04 claimed for this expense.

## IV. CONCLUSION

The Final Judgment filed on August 6, 2003 is hereby amended by reducing the amount of costs awarded to $10,577.25. In all other respects, it is affirmed.