MAURICIA GONZALES, Plaintiff-Appellant,
v.
CITY AND COUNTY OF HONOLULU, Defendant-Appellee, and
LONGS DRUG STORES CALIFORNIA, INC., dba Longs Drug Stores; JOHN DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; DOE GOVERNMENTAL ENTITIES 1-10, Defendants
No. 28474.
Intermediate Court of Appeals of Hawaii.
July 14, 2008.
Erlinda Dominguez, Nicolette Skaluba, for Plaintiff-Appellant.
Sharon Lam Blanchard and D. Scott Dodd, Deputies Corporation Counsel, City and County of Honolulu, for Defendant-Appellee. City and County of Honolulu.

SUMMARY DISPOSITION ORDER
WATANABE, PRESIDING JUDGE, FOLEY AND NAKAMURA, JJ.
Plaintiff-Appellant Mauricia Gonzales (Gonzales) appeals from the Amended Final Judgment filed on March 23, 2007 in the Circuit Court of the First Circuit[1] (circuit court).
On February 27, 2006, the circuit court filed an "Order Granting Defendant City and County of Honolulu's Motion for Summary Judgment Filed December 16, 2005" (Order). In its Amended Final Judgment, the circuit court entered judgment in favor of the City and County of Honolulu (CCH) and against Gonzales as to all claims contained in Gonzales' Second Amended Complaint, awarded certain costs to CCH, and dismissed with prejudice all of Gonzales' claims against Longs Drug Stores of California, Inc. (Longs). Gonzales timely appealed.
On appeal, Gonzales contends the circuit court erred in (1) granting CCH's Motion for Summary Judgment (MSJ), (2) awarding costs to CCH, and (3) requiring Gonzales to post a bond for CCH's costs while failing to require CCH to post proper security for Gonzales' potential damages.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Gonzales' points of error as follows:
(1) The circuit court did not err in granting CCH's Motion for Summary Judgment. The circuit court relied on Reed v. City & County of Honolulu, 76 Hawai`i 219, 230, 873 P.2d 98, 109 (1994), for the elements of a prima facie case of false arrest or false imprisonment. The court noted that Gonzales failed to show that her detention or arrest was unlawful.
Undisputed evidence before the circuit court showed that Gonzales tried to pay for items at Longs with a bill that was counterfeit and that she was identified to police officers as the person who passed the counterfeit bill. The circuit court found that CCH made an initial showing that no genuine issue existed concerning the officers' probable cause to arrest Gonzales. The circuit court concluded that Gonzales had not responded to the CCH's showing of probable cause to arrest by demonstrating any facts to the contrary. The circuit court cited to Towse v. State of Hawaii, 64 Haw. 624, 635, 647 P.2d 696, 704 (1982), which held that the existence of probable cause to arrest is an affirmative defense to an action for false imprisonment.
Gonzales' defamation count failed for lack of admissible evidence that disputed the qualified immunity of the arresting officers. The circuit court cited to Towse, 64 Haw. at 631, 647 P.2d at 702, which "required of the injured party to demonstrate by clear and convincing proof that those officials were stirred by malice and not by an otherwise proper purpose. Gonzales was given the opportunity to adduce evidence of malice by the officers, but failed to do so. The circuit court found that "there is no indication in the record that responding police officers acted in malice as oppose[d] to an otherwise proper purpose, or even knew plaintiff, no genuine issue of fact exists therefore for trial."
(2) Gonzales disputes the cost of records subpoenaed from a treating physician as an unreasonable expenditure incurred by CCH. Gonzales does not contend that the records were unnecessary for the case, but asserts that there was a cheaper way for CCH to obtain the records "informally." "Because there is a presumption that the prevailing party may be awarded its costs, the burden of showing that a particular cost request is unreasonable is more properly on the adverse party." Wong v. Takeuchi, 88 Hawai`i 46, 53, 961 P.2d 611, 618 (1998). Gonzales fails to point to an alternative reasonably available to CCH that was a more cost-effective means of obtaining records from the physician. The circuit court did not abuse its discretion in awarding CCH the cost of the subpoenaed records. Bjornen v. State Farm Fire & Cas. Co., 81 Hawai`i 105, 107, 912 P.2d 602, 604 (App. 1996).
Gonzales also argues that CCH is not entitled to recover the cost of the depositions of Gonzales and Officer Lee because CCH was not the noticing party  Longs noticed both depositions. The cost of obtaining a copy of a deposition taken by another party may be recovered under HRS § 607-9. Kiuchi v. Brown, 110 Hawai`i 204, 211-12, 130 P.3d 1069, 1076-77 (App. 2006).
(3) Gonzales' contention that the circuit court erred in requiring her to post a bond without requiring CCH to post sureties to pay Gonzales damages should she prevail on appeal is moot.
Therefore,
The Amended Final Judgment filed on March 23, 2007 in the Circuit Court of the First Circuit is affirmed.
NOTES
[1] The Honorable Karen S.S. Ahn presided.